UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ERROLL THOMAS,

                          Petitioner,

          -against-

RONALD LARKIN, Superintendent,
Eastern Correction Facility

                        Respondent.

-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV-2899 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Petitioner Errol Thomas brings this pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, attacking the administration of his sentences for first-degree rape, first-degree attempted rape, three counts of first-degree sexual abuse, two counts of second-degree sexual abuse, and two counts of second-degree assault. Thomas asserts that his imposed sentence was administratively increased beyond the length set by the sentencing judge, and that this (1) subjects him to cruel and unusual punishment, and (2) violates his due process rights. For the reasons set forth below, Thomas's Petition is DENIED.

**I.     BACKGROUND**

     **A.    Facts**

      Errol Thomas lived with his daughters, Sonica Thomas and DelMarie Thomas, and son, Ricardo Thomas, in their apartment at 85 East 31st Street in Brooklyn, New York, throughout the period in which the crimes at issue were committed. (Response Order Show Cause ("Resp. Cause") (Dkt. 9) at 2-3). On or about and between July 1, 1994, and July 31, 1994, in the bathroom of the apartment, Thomas touched his hand to the breast and vagina of his twelve-year-

1

old daughter, Sonica, without her consent. (Id. at 2.) On or about and between July 1 and July 31, 1995, at the same location, Thomas dragged thirteen-year-old Sonica into the bathroom and touched her vagina with his hand then forced her to touch her hand to his penis. (Id.) On or about and between April 1 and May 31, 1995, Thomas beat sixteen-year-old Ricardo, 13-year-old Sonica, and ten-year-old DelMarie, on the hands, arms, back, and stomach, with an electrical cord, causing pain and bruising, as well as small scars on Ricardo's hands. (Id.) On or about the morning of February 20, 1996, Thomas attempted to forcibly rape fourteen-year-old Sonica but was interrupted by her brother, Ricardo. (Id. at 3.) Later that morning, Thomas forcibly raped Sonica and threatened to kill Sonica and Ricardo with a knife and a gun. (Id.) Ricardo jumped out the window to escape and sought help from a neighbor, who then alerted the police. (Id.) Thomas was caught trying to flee in his car. (Id.)

**B.      Trial Court Proceedings**

Thomas was charged in Kings County, New York with (1) one count of Rape in the First Degree; (2) six counts of Sexual Abuse in the First Degree; (3) one count of Attempted Rape in the First Degree; (4) one count of Incest; (5) four counts of Assault in the Second Degree; (6) two counts of Sexual Abuse in the Second Degree; (7) four counts of Assault in the Third Degree; (8) eight counts of Criminal Possession of a Weapon in the Fourth Degree; and (9) three counts of Endangering the Welfare of a Child. (Id.) Thomas was convicted following a jury trial in New York State Supreme Court, Kings County, of one count of Rape in the First Degree, one count of Attempted Rape in the First Degree, two counts of Sexual Abuse in the First Degree, three counts of Sexual Abuse in the Second Degree, and three counts of Assault in the Second Degree. (Id. at 3-4.)

On November 26, 1996, Thomas was sentenced to consecutive terms of imprisonment of twelve and one-half to twenty-five years for one count of Rape in the First Degree, seven and one-half to fifteen years for one count of Attempted Rape in the First Degree, and three and one-half to seven years for each of the three counts of Sexual Abuse in the First Degree and Assault in the Second Degree. (Id. at 4.) Thomas concurrently was sentenced to one year imprisonment for the two counts of Second Degree Sexual Abuse. (Id.) In total, Thomas's sentence was forty-one to eighty-two years imprisonment. (Id.)

Thomas appealed the judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Department (the "Appellate Division"). (Id. at 4-5.) Thomas claimed in part that his sentences on the attempted rape and rape counts should be concurrent and that the imposition of consecutive sentences for the three first-degree sexual abuse counts and two second-degree sexual abuse counts were illegal because they were allegedly based upon only two continuous events. (Id. at 5.) On April 7, 2003, the Appellate Division unanimously affirmed Thomas's judgment of conviction, finding that "[t]he Supreme Court properly imposed consecutive sentences for [Thomas's] convictions of sexual abuse in the first degree and the sentence imposed was not excessive." People v. Thomas, 304 A.D.2d 593 (2d Dep't 2003) (citation omitted). On August 5, 2003, Thomas was denied leave to appeal the Appellate Division's decision to the New York Court of Appeals. People v. Thomas, 100 N.Y.2d 600 (2003).

### C.    First Habeas Petition

By petition dated November 1, 2004, Thomas sought a federal writ of habeas corpus on the grounds that: (1) the evidence was legally insufficient to establish sexual abuse in the first-degree and assault in the second-degree, and (2) the trial court's imposition of consecutive

3

sentences on various counts violated his protection against double jeopardy. (Petition for Writ of Habeas Corpus 04-CV-4691 ("Petition") (Dkt. 1) at 5.) This court issued a Memorandum and Order on September 27, 2005, granting Thomas's "application for a writ of habeas corpus with respect to the state court's impermissible action in sentencing the defendant to consecutive terms of imprisonment for the conviction of three counts of First Degree Sexual Abuse" but denied the petition in all other respects. (Mem. and Order 04-CV-4691 (Dkt. 7) at 13.) This court remitted the matter to the state trial court to resentence Thomas in a manner consistent with the Court's opinion. (Id.)

**D.      Resentencing**

On January 4, 2007, Thomas was re-sentenced in New York State Supreme Court, Kings County. (Resentencing Hearing (Dkt. 9-1) at 1.) Judge Plummer Lott stated that he would "follow the directions of Judge Nicholas Garaufis," and that "the previous sentences would remain in effect except, the sentence is on [sic] the three counts of Sexual Abuse in the First Degree will run concurrent with all the other sentences, consistent with the orders and direction of Nicholas Garaufis, United States District Judge, Eastern District for the State of New York." (Id. at 4-5.) The judge also stated that he would "decline to disturb the sentence otherwise." (Id. at 4.) After making this pronouncement, the judge had the clerk pronounce the sentence, which was read as:

> Count One, Rape in the First Degree, sentence of 12 and a half years to 25 years. Attempted Rape in the First Degree, one count, seven and a half years to 15 years. Sexual Abuse in the First Degree, three counts, will be run concurrently to those sentences as three and a half to seven years. Sexual Abuse in the Second Degree, two counts, one year each. And Assault in the Second Degree, two counts, three and a half to seven years, those counts to run consecutively.

(Id. at 5.)

4

The clerk's reading of the sentence differed from the November 26, 1996, sentence in that it only listed two, rather than three, counts of Assault in the Second Degree. (Id.) The clerk's reading also did not explicitly mention which sentences were to run consecutively and which concurrently, although the judge had previously indicated he wished the sentence to be identical to the previous one aside from concurrently running the counts of First-Degree Sexual Abuse. (Id. at 4-5.)

The Uniform Sentence and Commitment form issued by the Office of the Supreme Court Clerk, Kings County, for the New York State Department of Corrections and Community Services ["DOCCS"] dated January 4, 2007, listed the following sentences: "(1) Rape 1st degree, 1 count, 12 ½ - 25 years, (2) Attempted Rape 1st degree, 1 count, 7 ½ - 15 years, (3) Sexual Abuse 1st degree, 3 counts, 3 ½ - 7 years each, (4) Sexual Abuse 2nd degree, 2 counts, 1 year post-release supervision each, (5) Assault 2nd degree, 3 counts, 3 ½ - 7 years each." (Uniform Sentence and Commitment ("Uniform Sentence") (Dkt. 9-1) at 1.) The sentences for Rape in the First Degree, Attempted Rape in the First Degree, and Assault in the Second Degree were listed as running consecutively, while Sexual Abuse in the First Degree was listed as running concurrently with the other sentences. (Id.) Thus, the amended commitment issued on January 4, 2007, reflected that the November 26, 1996, sentences were modified such that the three counts of Sexual Abuse in the First degree run concurrently with each other and concurrently with the other counts on that indictment. (DOCCS Letter (Dkt. 9-1) at 1-2.) The total for these sentences was thirty and one-half years to sixty years. (Id. at 3.) By operation of N.Y. Penal Law § 70.30(1)(e)(i), (vi), the aggregate minimum and maximum terms were deemed to be

twenty-five to fifty years, respectively,[1] which is the sentence that Thomas is currently serving. (Id.)

### E.     Direct Appeal

Thomas filed a petition against Respondent A. Del Gaizo, the Inmate Records Coordinator for DOCCS, pursuant to Article 78 of the New York Civil Practice Law and Rules. (Thomas v. Del Gaizo, Mar. 28, 2011, Judgment of New York State Supreme Court, Albany County ("Judgment") (Dkt. 9-1) at 1.) Thomas argued that Respondent miscalculated his terms of imprisonment based upon the sentencing transcript and certificate of conviction. (Pet. Brief App. Div. ("Pet. Brief") (Dkt. 10-1) at 6.) Specifically, Thomas argued that the re-sentencing court did not indicate whether the sentences were to run concurrently or consecutively. (Id. at 6-8.) Therefore, Thomas argued that, according to N.Y. Penal Law § 70.25,[2] all the sentences should run concurrently for an aggregate prison term of twelve and one-half to twenty-five years. (Id. at 7.)

On March 23, 2011, the New York State Supreme Court, Albany County, dismissed Thomas's Article 78 petition finding "no error in [R]espondent's determination of the aggregate terms of [Thomas's] sentence." (Judgment at 4.) On appeal from that order, on February 2,

---

[1]     Under New York Penal Law:

"Where the aggregate maximum term of two or more indeterminate consecutive sentences is reduced by calculation made pursuant to this paragraph, *the aggregate minimum period of imprisonment*, if it exceeds one-half of the aggregate maximum term as so reduced, *shall be deemed to be one-half of the aggregate maximum term as so reduced*; (vi) Notwithstanding subparagraphs (i) and (iv) of this paragraph, the aggregate maximum term of consecutive sentences, all of which are indeterminate or all of which are determinate sentences, imposed for the conviction of three or more violent felony offenses committed prior to the time the person was imprisoned under any of such sentences and one of which is a class B violent felony offense, *shall, if it exceeds fifty years, be deemed to be fifty years . . . .*"

§ 70.30(1)(e)(i), (vi) (emphasis added).

[2]     "[W]hen multiple sentences of imprisonment are imposed on a person at the same time, . . . [and] the court does not specify the manner in which a sentence imposed by it is to run, the sentence shall . . . run concurrently with all other terms." N.Y. Penal Law § 70.25 (McKinney 2013).

2012, the New York State Supreme Court, Appellate Division, Third Department, upheld the

lower court's ruling, stating that contrary to Thomas's contention:

> [T]he resentencing court was not silent as to the manner in which the sentences
> were to run.  Upon resentencing, Supreme Court explicitly stated that, except for
> the modification of the sexual abuse in the first degree sentences to be run
> concurrently, the 'previous sentences will remain in effect.'  The 1997 originally
> imposed sentences [sic] for the rape, attempted rape and assault in the second
> degree convictions were ordered to run consecutive to each other.  Furthermore,
> inasmuch as a review of the record reveals no error in the calculation of the
> consecutively imposed sentences, Supreme Court's judgment will not be
> disturbed.

Thomas v. Del Gaizo, 937 N.Y.S.2d 474, 475 (3d Dep't 2012).  On May 8, 2012, the New York

State Court of Appeals denied Thomas's motion for leave to appeal the February 2, 2012

decision and order of the Appellate Division, Third Department.  Thomas v. Del Gaizo, 19

N.Y.3d 803 (2012).

     **F.**    **Petition for Writ of Habeas Corpus**

On June 7, 2012, Thomas submitted the instant Petition for Writ of Habeas Corpus,

pursuant to 28 U.S.C. § 2254.  (Petition at 1.)  He asserts that by administratively increasing his

sentence above that ordered by the sentencing court, Respondent has (1) violated Thomas's

Fourteenth Amendment due process rights, and (2) subjected him to cruel and unusual

punishment in violation of the Eighth Amendment.  (Id. at 4.)

**II.**    **HABEAS CORPUS STANDARDS**

Under 28 U.S.C. § 2254(a), a district court is empowered to "entertain an application for

a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court

only on the ground that he is in custody in violation of the Constitution or laws or treaties of the

United States."  A person in custody pursuant to a judgment of a state court must generally meet

three requirements to obtain habeas relief:  (1) exhaustion; (2) lack of a procedural bar; and

(3) satisfaction of the deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

### A.   Exhaustion

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). "The exhaustion requirement is not satisfied unless the federal claim has been fairly presented to the state courts," meaning that the petitioner "informed the state court of both the factual and the legal premises of the claim he asserts." Daye v. Att'y Gen. of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982) (en banc) (internal quotation marks omitted).

"A petitioner is not required to cite 'book and verse on the federal constitution' in order for a claim to be 'fairly presented.'" Allison v. Khahaifa, No. 10-CV-3453 (KAM), 2011 WL 3298876, at *6 (E.D.N.Y. Aug. 1, 2011) (quoting Picard v. Connor, 404 U.S. 270, 275, 278 (1971)). "Instead, exhaustion may be satisfied where the legal basis of a claim made in state court is the 'substantial equivalent' of the habeas claim." Id. (quoting Picard, 404 U.S. at 278). "This means, in essence, that in state court the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature." Daye, 696 F.2d at 192. Thus, even if a petitioner does not cite any federal constitutional provisions, he may fairly present his federal claim to the state court through:

> (a) reliance on pertinent federal cases employing constitutional analysis,
> (b) reliance on state cases employing constitutional analysis in like factual situations, (c) assertion of the claim in terms so particular as to call in mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Id. at 194.

Notably, *every* claim that a petitioner makes in his § 2254 application must first have been raised in state court in order for the petition to be considered exhausted. This "total exhaustion" rule requires that "a district court [ ] dismiss habeas petitions containing both unexhausted and exhausted claims." Rose v. Lundy, 455 U.S. 509, 513, 522 (1982). But there is an important exception to the total exhaustion rule—created by a 1996 amendment to AEDPA—whereby a district court may deny an entire habeas petition on the merits notwithstanding a petitioner's failure to exhaust some or all of his claims. See 28 U.S.C. § 2254(b)(2). That is, a court may on the merits deny but not grant "mixed petitions." Caswell v. Racetti, No. 11-CV-0153 (MAT), 2012 WL 1029457, at *4 (W.D.N.Y. Mar. 26, 2012) (citing Turner v. Artuz, 262 F.3d 118, 122 (2d Cir. 2001)).

### B.    Procedural Bar

"It is well established that federal courts will not review questions of federal law presented in a habeas petition application when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." Cone v. Bell, 556 U.S. 449, 465 (2009) (internal quotation marks omitted). "[W]hen a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review."[3] Id.

"[T]he adequacy of state procedural bars to the assertion of federal questions is not within the State's prerogative finally to decide; rather, adequacy is itself a federal question." Id. (internal quotation marks and alteration omitted). Thus, courts "have an independent duty to scrutinize the application of state rules that bar [its] review of federal claims." Id. at 468.

---

[3]    As an exception, a court may consider a procedurally barred claim on the merits if the prisoner demonstrates: (1) "cause" for failing to comply with the state procedural rule; and (2) "prejudice" from the procedural bar. Wainwright v. Sykes, 433 U.S. 72, 92 (1977).

The concepts of procedural bar and exhaustion often interact in an important way.  If a § 2254 petitioner has failed to present a claim to a state court but *can no longer do so*—for example, if the time to file a state-court appeal has passed—then that claim is considered procedurally barred rather than unexhausted.  See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (holding that petitioner's "failure to present three of his federal habeas claims to the Illinois Supreme Court [ ] resulted in a procedural default of those claims"); Philbert v. Brown, 11-CV-1805 (NGG), 2012 WL 4849011 at *6 (E.D.N.Y. Oct. 11, 2012) (noting that "[w]hen a petitioner has not properly presented his claim to a state for consideration on the merits, but it is clear that the state court would hold the claim procedurally barred, . . . the exhaustion requirement is satisfied" but the petitioner is barred "from litigating the merits of th[at] claim[] in federal habeas proceedings") (quoting Lloyd v. Walker, 771 F. Supp. 570, 574 (E.D.N.Y. 1991)).  A court's conclusion that a claim is procedurally defaulted rather than exhausted permits the petitioner to avoid the harsh effects of the "total exhaustion" rule discussed above—that is, if a claim has not been presented to the state court but can *no longer* be brought in state court, the court may consider the petitioner's remaining claims on the merits so long as *those* claims have been exhausted.  See Turner, 262 F.3d at 122-23.

## C.   AEDPA Deference

Where a state court does reach the merits of a claim asserted in a § 2254 habeas petition, the state's decision is reviewed under the deferential standard set forth in AEDPA, which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d); see also Ryan v. Miller, 303 F.3d 231, 245 (2d Cir. 2002).

"Clearly established federal law refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." Howard v. Walker, 406 F.3d 114, 122 (2d Cir. 2005). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The question is "not whether the state court was incorrect or erroneous in rejecting petitioner's claim, but whether it was objectively unreasonable in doing so." Ryan, 303 F.3d at 245 (internal quotation marks, alterations, and emphases omitted). The petition may be granted only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

Under AEDPA, "a determination of a factual issue made by a State court [is] presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

## III.    DISCUSSION

As an initial matter, the court notes that Thomas is proceeding pro se, and that his submissions should thus be held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A pro se complaint and other documents are "to be liberally construed," Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). However, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Boddie v. New York State Div. of Parole, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting Traguth v. Zuch, 710 F.2d 90, 95 (2d Cir. 1983)).

### A.    Eighth Amendment Claim

#### 1.    Exhaustion

Respondent argues that Thomas's Eighth Amendment claim is unexhausted. First, Respondent argues that Thomas's claim must be denied because he failed to pursue all available state court remedies. (Opp'n to Pet. (Dkt. 9) at 11.) Specifically, Respondent points to Thomas's failure to appeal his January 4, 2007, judgment of conviction to the Appellate Division. (Id. at 12.) Second, Respondent notes that Thomas appealed his original November 26, 1996, sentence based solely on a claim that, under state law, the sentences for the three first-degree sexual abuse and the two second-degree sexual abuse convictions should be reduced in the interest of justice. Respondent argues, therefore, that Thomas failed to raise an Eighth Amendment claim regarding this sentencing. (Id.) Finally, Respondent argues that, notwithstanding the above, Thomas could still make "a motion to set aside his sentence pursuant to New York Criminal Procedure Law § 440.20, claiming that his sentence violated the Eight Amendment of the United States Constitution." (Resp. Cause at 12.) Thomas, however, objects

12

to Respondent's claim that the Eighth Amendment claim of cruel and unusual punishment is unexhausted and maintains that he did in fact raise that claim in the point heading of his brief to the Appellate Division, Third Department. (Traverse (Dkt. 10) at 2.) For the reasons that follow, the court finds that Thomas's Eighth Amendment Claim was fairly presented to the state courts and thus was exhausted.

As discussed above in Section II.A., "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process . . . before . . . present[ing] those claims to a federal court in a habeas petition." Id. at 842, 845.

To present a claim, "petitioner must have placed before the state court essentially the same legal doctrine he asserts in his federal petition." Daye v. Attorney General of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982). "Obviously if the petitioner has cited the state courts to the specific provision of the Constitution relied on in his habeas petition, he will have fairly presented his legal basis to the state courts." Id. at 192. "[A] petitioner's citation to [a constitutional provision] in a heading in his brief [is] sufficient[] [to] alert[] the state courts to the federal constitutional nature of the . . . claim." Gonzalez v. Sullivan, 934 F.2d 419, 423 (2d. 1991); see also Samuel v. LaValley, 12-CV-2372 (BMC), 2013 WL 550688, at *2, n.1 (E.D.N.Y. Feb. 12, 2013) (because "the practice that has developed among state appellate defense lawyers of alluding to federal claims . . . by a federal citation in a point heading . . . is of course controlling authority [under *Daye*], I will deem the claim exhausted"); Reese v. Greiner, 97-CV-5622 (MGC), 2003 WL 21459577 (S.D.N.Y. June 23, 2003) (finding that because

13

"petitioner's brief to the Appellate Division did specifically cite the Fourteenth Amendment in his point heading . . . the issue was fairly presented in prior state court proceedings"); Sutton v. Herbert, 39 F. Supp. 2d 335, 338 (S.D.N.Y. 1999) ("Petitioner's brief to the Appellate Division specifically claims a denial of 'due process' related to [his] claims and cites the Fourteenth Amendment of the United States Constitution . . . [and thus] reasonably complied with the exhaustion requirement."); Small v. Batista, 6 F. Supp. 2d 211, 217-18 (S.D.N.Y. 1998) (finding petitioner's first point heading in his Appellate Division brief, which referenced a constitutional amendment, clearly referred to the federal constitutional issue that formed the basis of the habeas petition and thus exhausted petitioner's state court remedies).

Here, Thomas did not appeal his January 4, 2007, judgment of conviction and thus did not exhaust his state court remedies related to that conviction. However, "because the AEDPA authorizes the denial of a habeas corpus petition on the merits 'notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State,'" the Court will review Thomas's Eighth Amendment claim. Turner v. Artuz, 262 F.3d 118, 122 (2d Cir. 2001) (citing 28 U.S.C. § 2254(b)(2)). Moreover, Thomas did file a petition pursuant to Article 78 of the New York Civil Practice Law and Rules—against Respondent A. Del Gaizo, the Inmate Records Coordinator for DOCCS—challenging the calculation of his terms of imprisonment based upon the sentencing transcript and certificate of conviction. (Petition at 3.) That petition was dismissed at the trial court level. (Judgment at 4.) The Appellate Division, Third Department, upheld the trial court's order and the Court of Appeals denied Thomas's motion for leave to appeal. Thomas v. Del Gaizo, 937 N.Y.S.2d 474, 475 (3d Dep't 2012), leave to appeal denied, Thomas v. Del Gaizo, 19 N.Y.3d 803 (2012). Thus, Thomas did in fact give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

14

State's established appellate review process related to his Article 78 petition. Tatta v. Miller, 05-CV-1205 (FB), 2005 WL 2806236, at *1 (E.D.N.Y. Oct. 27, 2005) ("[Petitioner] exhausted his state court remedies . . . by seeking a writ of mandamus pursuant to Article 78 of the New York Civil Procedure Law and Rules, appealing to the Appellate Division and seeking leave to appeal to the New York Court of Appeals.").

Moreover, Thomas's arguments are substantively the same in his briefs both for state and federal court. For comparison, a heading in his state court brief reads, "Respondent has Miscalculated Appellant's Terms of Imprisonment" and lists "United States Constitutional Amendments 8 and 14" as provisions violated by Respondent. (Petition at 6.) The same point is made in Thomas's federal court brief in a heading: "Respondent has Denied Petitioner His Right to the Execution of his Sentence as Imposed by the Sentencing Court Thereby Violating Petitioner's Constitutional Due Process Rights and Subjecting Petitioner to Cruel and Unusual Punishment." (Id. at 4.) The point is substantively the same—that Thomas has been subjected to cruel and unusual punishment in violation of the Eighth Amendment. Therefore, the claim was fairly presented before the state court and thus exhausted.

As a final matter, Thomas could still make "a motion to set aside his sentence pursuant to New York Criminal Procedure Law § 440.20, claiming that his sentence violated the Eight Amendment of the United States Constitution." (Resp. Cause at 12.) However, such a possibility is irrelevant, because Thomas did not raise the argument that his sentence *itself* violated the Eighth Amendment in these proceedings. (Traverse at 3) ("Thomas objects to those portions of Respondent's answer claiming that Thomas challenges the imposition of his sentence.").) Rather, Thomas argues that it is the alleged administrative *increase* in his sentence that violates the Eighth Amendment. (Id) ("Thomas's petition herein and all of the motions and

15

briefs hitherto allege a claim that Thomas challenges the execution of his sentence not its imposition.").) Therefore, it is of no import that this claim is unexhausted.

        2.    <u>Merits</u>

Thomas argues that the Inmate Records Coordinator for DOCCS miscalculated his terms of imprisonment in violation of the Eighth Amendment of the United States Constitution. (Pet. Brief at 6.) The Appellate Division rejected this claim on the merits. <u>Thomas v. Del Gaizo</u>, 937 N.Y.S.2d 474, 475 (3d Dep't 2012). For the following reasons, the court concludes that the Appellate Division conclusion was not contrary to, or an unreasonable application of, clearly established federal law. <u>See</u> 28 U.S.C. § 2254(d).

Under the Eighth Amendment of the United States Constitution, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." "The final clause prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." <u>Solem v. Helm</u>, 463 U.S. 277, 284 (1983). However, "[l]engthy prison sentences, even those that exceed any conceivable life expectancy of a convicted defendant, do not violate the Eighth Amendment's prohibition against cruel and unusual punishment when based on a proper application of the Sentencing Guidelines or statutorily mandated consecutive terms." <u>United States v. Steele</u>, 390 F. App'x 6, 17 (2d Cir. 2010) (quoting <u>United States v. Yousef</u>, 327 F.3d 56, 163 (2d Cir. 2003)). Thus, "the imposition of consecutive sentences is found to run afoul of the Eighth Amendment only under extraordinary circumstances," <u>Ashby v. Senkowski</u>, 269 F. Supp. 2d 109, 115 (E.D.N.Y. July 3, 2003) (internal quotations omitted), and, consequently, "successful Eighth Amendment challenges to the proportionality of a sentence have been 'exceedingly rare.'" <u>United States v. Yousef</u>, 327 F.3d 56, 163 (2d Cir. 2003) (quoting <u>Rummel v. Estelle</u>, 445 U.S. 263, 272 (1980)).

Thomas's sentence does not violate the Eighth Amendment because it is neither barbaric nor disproportionate to the crimes committed and was within the allowable limits of state law. The trial court properly exercised its discretion when it imposed consecutive sentences totaling thirty and one-half to sixty-one years. (Judgment at 3.) Thomas's consecutive terms of imprisonment—twelve and one-half to twenty-five years for first-degree rape, a class B felony (N.Y. Penal Law § 130.35(1) (McKinney 2013)); seven and one-half to fifteen years for first-degree attempted rape, a class C felony (N.Y. Penal Law §§ 110.00, 130.35(1) (McKinney 2013)); three and one-half to seven years for first-degree sexual abuse (three concurrent counts), class D felonies (N.Y. Penal Law § 130.65(1) (McKinney 2013)); three and one-half to seven years for second-degree assault (three consecutive counts, class D felonies (N.Y. Penal Law § 120.05(2) (McKinney 2013)); and one year for second-degree sexual abuse (two concurrent terms), class A misdemeanors (N.Y. Penal Law § 130.60 (McKinney 2013))—fall within the permissible statutory ranges. Moreover, by operation of law, the aggregate maximum term of Thomas's consecutive sentences is twenty-five to fifty years imprisonment. See N.Y. Penal Law § 70.30(1)(e)(i), (vi); Thomas v. Del Gaizo, 937 N.Y.S.2d 474, 475 (3d Dep't 2012). Therefore, Thomas's Eighth Amendment claim is not cognizable on habeas review. See United States v. Steele, 390 F. App'x 6, 17 (2d Cir. 2010); see also White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).

Notably, neither Thomas's brief to the Appellate Division nor his habeas corpus petition attacks the imposed sentence on the grounds that it is either barbaric or disproportionate to the crime. Nor does Thomas cite any cases in which the administrative increase of a sentence was held to violate the Eighth Amendment when the sentence accurately reflected the sentencing court's order and was within the allowable limits of state law.

17

An additional overall review of the record reveals no extraordinary circumstances to support a claim that Thomas's sentence is excessive and amounts to cruel and unusual punishment. Accordingly, Thomas's Eighth Amendment claim is denied.

**B.      Fourteenth Amendment Due Process**

Thomas claims that Respondent denied him his right to due process rights, as protected by the Fourteenth Amendment, by administratively increasing his sentence beyond what was orally pronounced by the sentencing judge. (Petition at 4.) Specifically, Thomas claims that (1) the re-sentencing court did not indicate whether the sentences were to run concurrently or consecutively and thus, under N.Y. Penal Law § 70.25, all the sentences should run concurrently and not as calculated by DOCCS; and (2) that his sentence was increased because his re-sentencing only listed two counts of second-degree assault, and his imposed sentence lists three counts. (Id. at 12.)  For the reasons that follow, the Court concludes that the sentence calculated by DOCCS was the expressed judgment of the New York State Supreme Court and not an administrative increase in Thomas's sentence.

1.      Whether the Sentences Were Consecutive or Concurrent

Thomas argues that his November 26, 1996, "sentence was vacated as unlawful" and that "any prior proceedings thereon were a nullity and could not be relied upon to uphold the later imposed sentence before a different judge." (Pet. Brief at 8.)  Next, Thomas turns to the perceived differences between the pronounced sentences of the sentencing judge, Judge Lott, on January 4, 2007, and his administrative sentences imposed that same day.  Thomas argues that the administrative sentences run consecutively whereas the sentencing court did not specify whether his sentences were to be concurrent or consecutive and, therefore, that they should be

18

interpreted as concurrent. (Id. at 12.)  In support of his position, Thomas quotes the portion of

the sentencing transcript in which the clerk read the sentences:

> Count one, Rape in the First Degree, sentence of 12 and a half years to 25 years.
> Attempt rape in the First Degree, one count, seven and a half to 15 years.  Sexual
> abuse in the First Degree, three counts, will be run concurrently to those sentences
> as three and a half to seven years.  Sexual abuse in the second degree, two counts,
> misdemeanor, one year each.   And Assault in the Second Degree, two counts,
> three and a half to seven years, those counts to run consecutively.

(Petition at 4.)  Based on this statement, Thomas concludes that consecutive sentences are not

listed, which would render them concurrent under New York State Penal Law § 70.25.[4]  (Id. at

13.)  Therefore, Thomas concludes that the sentencing and commitment order, which lists several

consecutive sentences, is invalid.  (Traverse at 4.)

     Respondent counters that "[t]his Court . . . only granted habeas relief with regard to the

three consecutive sentences for the first-degree sexual abuse and otherwise denied the writ . . .

thus [leaving] in place the other consecutive and concurrent terms of imprisonment imposed

upon [the] defendant by the State sentencing court on November 26, 1996."  (Resp. Cause at 15.)

Respondent argues that the "DOCCS merely calculated defendant's sentence based upon the

sentence actually imposed by the State court judge."  (Id. at 16.)  Respondent argues further that

because the Appellate Division, Third Department found that the "Supreme Court explicitly

stated that, except for the modification of the sexual abuse in the first degree sentences to be run

concurrently, the previous sentences will remain in effect," the judgment of the sentencing court

was not increased by DOCCS.  Thomas v. Del Gaizo, 937 N.Y.S.2d at 475 (internal quotations

omitted).

     The court agrees with Respondent.  It is well established that "[t]he prisoner is detained,

not by virtue of the warrant of commitment, but on account of the judgment and sentence."  Hill

---

[4]          See supra note 1.

v. Wampler, 298 U.S. 460, 465 (1936); see also Earley v. Murray, 451 F.3d 71, 74 (2d Cir. 2006) ("[T]he sentence imposed by the sentencing judge is controlling."). Therefore, "[a] warrant of commitment departing in matter of substance from the judgment back of it is void." Hurley v. Fischer, No. 09-CV-1684 (CBA), 2012 WL 463895, at *4 (E.D.N.Y. Feb. 13, 2012) (quoting Hill, 298 U.S. at 465). Where there is a variance between an "oral pronouncement of sentence and the written judgment, the oral pronouncement, as correctly reported, must control." United States v. Carr, 557 F.3d 93, 109 (2d Cir. 2009); see also United States v. DeMartino, 112 F.3d 75, 78-79 (2d Cir. 1997); United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995); United States v. Pagan, 785 F.2d 378, 380 (2d Cir. 1986); United States v. Moyle, 724 F.2d 29 (2d Cir. 1983); United States v. Marquez, 506 F.2d 620, 622 (2d Cir. 1974).

"The written commitment order is mere evidence of [the court's] authority," Werber, 51 F.3d at 347, and "may not be increased by an administrator's amendment," Earley v. Murray, 451 F.3d 71, 75 (2d Cir. 2006). The proscription against administrative amendment applies even when the terms added to the sentence are mandated by law. See Earley, 451 F.3d at 76 ("[W]hen DOCS discovered the oversight made by [the defendant's] sentencing judge, the proper course would have been to inform the state of the problem, not to modify the sentence unilaterally . . . . New York's Department of Correctional Services has no . . . power to alter a sentence."); see also Wampler, 298 U.S. at 464 ("If the [order of commitment] is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth.").

Here, the sentencing judge was not silent as to the manner in which the sentences were to run. In fact, the judge specifically noted that the previous sentences would "remain in effect except, the sentence is on [sic] the three counts of Sexual Abuse in the First Degree will run concurrent with all the other sentences." (Resentencing Hearing at 4-5.) Thomas contends that

20

this and other statements by the judge do not constitute a pronouncement of the sentence because of their "ambiguity" and because they do not "distinguish whether the court was referring to the length of the sentences or the manner in which they were to run." (Petition at 14.) To the contrary, the statements were not ambiguous, as "declin[ing] to disturb the sentence" unequivocally meant that the judge chose to modify neither the length of the sentences nor the manner in which they were to run. (Resentencing Hearing at 4.) Taken together with this court's September 27, 2005, order that Thomas's November 1, 2004, application for a writ of habeas corpus was "granted with respect to the state trial court's impermissible action in sentencing the defendant to consecutive terms of imprisonment for the conviction of three counts of First-Degree Sexual Abuse" and otherwise "denied in all respects," there is no doubt that the judge's statements (which directly referenced this court's prior order) were clear. (Mem. and Order at 13.)

Even granting Thomas's contention that the orally pronounced sentence was actually ambiguous, an examination of the written sentence could have easily clarified that ambiguity. The sentences for Rape in the First Degree, Attempted Rape in the First Degree, and Assault in the Second Degree were listed as running consecutively while Sexual Abuse in the First Degree was listed as running concurrently with the other sentences. (Uniform Sentence at 1.)

While an orally pronounced sentence controls when it clearly differs from an order and commitment, a "commitment order may properly serve the function of resolving ambiguities in orally pronounced sentences." Pagan, 785 F.2d at 380 (quoting Moyles, 724 F.2d at 30 (citing Payne v. Madigan, 274 F.2d 702 (9th Cir. 1960)). Specifically, "where the sentencing court was silent with regard to whether the terms of imprisonment were to be served concurrently or consecutively, the written judgment could permissibly specify either." United States v.

Truscello, 168 F.3d 61, 63 (2d Cir. 1999) (citing United States v. Pugliese, 860 F.2d 25, 30 (2d Cir. 1988)).

Thus, even if the judge had been entirely silent regarding how the sentences were to run, it would not violate Thomas's due process rights for the written judgment to specify that the sentences were to run consecutively.  See United States v. Jacques, 321 F.3d 255, 265 (2d. Cir. 2003) (holding that written conditions of probation imposed on defendant not mentioned orally at sentencing were a permissible clarification of oral sentence); see also United States v. Truscello, 168 F.3d 61, 63 (2d Cir. 1999) (finding that "where there was no real inconsistency but rather an ambiguity [between the written and oral sentences], [the Second Circuit] has upheld the written judgment"); U.S. v. Pugliese, 860 F.2d 25, 30 (2nd Cir. 1988) (finding that where "there is genuine doubt concerning the oral pronouncement of sentence, a commitment order may properly serve the function of resolving ambiguities in the orally pronounced sentence").

Finally, whether the sentencing court properly applied New York State Penal Law § 70.25 in determining that Thomas's sentences were consecutive rather than concurrent is not cognizable on federal habeas review.  See 28 U.S.C.A. § 2254(a) (federal courts can grant habeas relief only when prisoner "is in custody in violation of the Constitution or laws or treaties of the United States").  Under New York Penal Law § 70.25, a sentence that is silent as to whether the imprisonment is to be served concurrently or consecutively "shall run concurrently with all other terms."  N.Y. Penal Law § 70.25(1)(a) (McKinney 2013).  However, a claim "that the sentencing judge failed to comply with [Penal Law § 70.25] raises a question of state law."  David v. Greiner, No. 02-CV-6802 (JBW), 2003 WL 23198786, at *13 (E.D.N.Y. Oct. 30, 2003).  As "federal courts may not issue the writ [of habeas corpus] on the basis of a perceived error of state

law," Pulley v. Harris, 46 U.S. 37, 41 (1984), Thomas's § 70.25 claim is not reviewable in a federal habeas proceeding and thus is denied.  See Greiner, 2003 WL 23198786, at *12-13.

        2.     The Counts of 2nd Degree Assault

Thomas argues that his administrative sentence adds an extra count of assault that was not pronounced by the sentencing court.  (Petition at 4-5.)  Thomas quotes the clerk's reading of the sentence, which states, "Assault in the Second Degree, two counts, three and a half to seven years, those counts to run consecutively."  (Id. at 4.)  Thomas argues that this reading of the sentence means that he is sentenced to only two counts of Assault in the Second Degree, despite the sentencing judge's prior statement that, the "previous sentences [would] remain in effect," and that the previous sentences included three counts of Assault in the Second Degree.  (Id.)  The court disagrees with Thomas's contention.

A sentence is ambiguous when the pronouncement of the sentence conflicts with clear statements made by the judge during the hearing.  See Pagan, 785 F.2d at 380 (finding ambiguity arose from a conflict between pronouncement of the sentence and statements made by the judge during subsequent colloquy).  As discussed above, in Section III.B.1, "[a] commitment order may properly serve the function of resolving ambiguities in orally pronounced sentences." United States v. Moyles, 724 F.2d 29, 30-31 (2d Cir. 1983).

The statement of the sentencing judge that the previous sentences—which included three counts of Assault in the Second Degree—would remain in effect did contradict the imposition of the two counts of Assault in the Second Degree.  (Resentencing Hearing at 4-5.)  However, the Order and Commitment subsequently clarified that three counts of Assault in the Second Degree were imposed.  (Uniform Sentence at 1.)  It is not clearly contrary to federal law to conclude that

the sentence was ambiguous and that the written order properly clarified the sentence.  <u>See</u>

<u>Moyles</u>, 724 F.2d at 30-31.

## IV.     CONCLUSION

For the reasons set forth above, Thomas has not made a substantial showing that either

his Eighth Amendment right to avoid cruel and unusual punishment or his Fourteenth

Amendment right to due process were violated, or that the imposition of his sentence involved an

unreasonable application of clearly established federal law.  <u>See</u> 28 U.S.C. § 2254(d).

Accordingly, Thomas's Petition for Writ of Habeas Corpus is DENIED.  No certificate of

appealability shall issue because there has been no "substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c).  The Clerk of Court is directed to enter judgment and

to close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      November _5_ , 2013

NICHOLAS G. GARAUFIS
United States District Judge